UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DEBBIE WHATLEY | CIVIL ACTION NO. 06-423 |
| versus | JUDGE HICKS |
| YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF NORTHWEST LOUISIANA, INC., GLENDA LAWSON and BEN HEBERT | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

**Introduction**

According to her amended petition, Debbie Whatley ("Plaintiff") was employed by the YWCA of Minden as an "Outreach Counselor." Doc. 2, ¶ 7. She also provided counseling and teaching services in a private practice. Doc. 2, ¶ 10. Plaintiff kept in her YWCA office some of her private client records, where she stored them in two locked file cabinets that she owned. Doc. 2, ¶ 11. When Plaintiff arrived to work one morning, her office had been cleared and her personal, private practice file cabinets had been removed by two co-workers, Glenda Lawson and Ben Hebert. Doc. 2, ¶ 12, 13. Although the petition is not clear on this point, it appears that Plaintiff either resigned or was terminated that same day.

After Plaintiff's file cabinets were not returned to her, she filed suit in state court against Lawson, Hebert, and the YWCA ("Defendants") for invasion of privacy, conversion of personal property, intentional infliction of emotional distress and negligent infliction of

emotional distress. Plaintiff also asserts claims against the YWCA (but not the individual defendants) for violations of the Federal Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter, "FLSA"). Plaintiff alleges that she was required to work hours for which she was never paid. She also alleges that she worked in excess of 40 hours in one workweek, for which she was not paid in accordance with the FLSA. Plaintiff also claims that the YWCA is liable to her under La. R.S. 23:631 for failure to timely pay her wages that were due upon termination of her employment.

Defendants removed the case based on federal question jurisdiction arising out of Plaintiff's FLSA claim. Plaintiff filed a Motion to Remand (Doc. 10), now before the court, on the grounds that this court lacks subject matter jurisdiction over Plaintiff's state-law claims because they are not related to and do not form a part of the same case or controversy as Plaintiff's FLSA claim. Alternatively, Plaintiff urges that the court should exercise its discretion and remand Plaintiff's state-law claims, because they predominate over the FLSA claim which provides the sole basis for Defendant's removal.

**Law and Analysis**

In a removed action, the defendant bears the burden of establishing the existence of subject mater jurisdiction. Estate of Martineau v. ARCO Chem Co., 203 F.3d 904, 910 (5th Cir. 2000). Defendants merely state in their Notice of Removal: "since the claim [FLSA] arises under federal law, the case is one that may be removed to this Court by the removing parties, pursuant to 28 U.S.C. 1331 in that the action arises under the laws of the United

States, as appears from the petition." Doc. 5, ¶5. While Defendants' allegation may establish the existence of subject matter jurisdiction over Plaintiff's FLSA claim, Defendants did not attempt to establish, nor even mention in their Notice of Removal, the existence of supplemental jurisdiction over Plaintiff's state-law claims. Plaintiff has now challenged the existence of supplemental jurisdiction over the state-law claims, and the court has an independent obligation to examine the basis for its subject matter jurisdiction. Torres v. Souther Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997).

Congress has authorized district courts to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367, which states:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they *form part of the same case or controversy* under Article III of the United States Constitution. [emphasis added]

This section codified the jurisdictional standard established in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). City of Chicago v. Intern. College of Surgeons, 522 U.S. 156, 118 S.Ct. 523, 530, 139 L.Ed.2d 525 (1997); Ruiz v. Estelle, 161 F.3d 814, 832 (5th Cir. 1998). Gibbs laid down three requirements for supplemental jurisdiction. The first is: "[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court." Gibbs, 383 U.S. at 725, 86 S.Ct. at 1138. Plaintiff's FLSA claim satisfies this requirement. The other two requirements before federal courts may exercise supplemental jurisdiction over state-law claims are:

[2] The state and federal claims must derive from a common nucleus of operative facts. [3] But if, considering without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole. Gibbs, 383 U.S. at 725, 86 S.Ct. at 1138.

Despite the ambiguity of the language connecting [2] the "nexus" requirement with [3] the "one proceeding" standard, courts have held that they are cumulative: state-law claims must satisfy both before a district court may exercise supplemental jurisdiction.[1]  Because Plaintiff's FLSA claim clearly meets the first requirement of Gibbs, the relevant issue becomes whether Plaintiff's state-law claims are so related to her FLSA claim that they form part of the same case or controversy, in that they are derived from a common nucleus of operative fact.  Gibbs, 383 U.S. at 725, 86 S.Ct. at 1138.

"In trying to set out standards for supplemental jurisdiction and to apply them consistently, we observe that, like unhappy families, no two cases of supplemental jurisdiction are exactly alike." Nanavati v. Burdette Tomlin Memorial Hosp., 857 F.2d 96, 105 (3rd Cir. 1988), cert. denied, 489 U.S. 1078, 109 S.Ct. 1528, 103 L.Ed.2d 834 (1989). It does not appear that the Fifth Circuit Court of Appeals has addressed whether a valid nexus always exists between federal and state-law claims that arise out of an employer-employee relationship.  The Third Circuit Court of Appeals has spoken to the issue and held that supplemental jurisdiction is not always present in such cases.

---

[1] 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3567.1.

In Local No. 1 (ACA) v. International Bhd. of Teamsters, 614 F.2d 846 (3rd Cir.1980), the Third Circuit held that the district court could not exercise supplemental jurisdiction over a state-law salary dispute when original jurisdiction was based on a Labor Management Relations Act (LMRA) union merger dispute. The Court reasoned that "the merger and salary claims are factually distinct and do not meet the test enunciated in Gibbs....[the two are] not derived 'from a common nucleus of operative facts.'" Id. at 851-52.

In Lyon v. Whisman, 45 F.3d 758 (3rd Cir.1995), the Court found that there was not a sufficient nexus between a former employee's FLSA claim and her state-law contract and tort claims for failure to pay a promised bonus on time or in full. The Court reasoned that the facts relevant to her state-law claims were distinct from the "narrow, well-defined factual issues about hours worked during particular weeks." Id. at 763. The only nexus between the plaintiff's FLSA claim and her state-law claims was the general employer-employee relationship between the parties. Id. at 762. Therefore, there was no "common nucleus of operative fact" to justify supplemental jurisdiction over the state-law claims. See also Krause v. Cherry Hill Fire Dist. 13, 969 F.Supp. 270, 281 (D. N.J. 1997) (insufficient nexus between the plaintiffs' state-law contract claims and their FLSA claim to support supplemental jurisdiction).

While the Fifth Circuit Court of Appeals has not had occasion to address a similar situation, some of its district courts have done so. In Benton v. Kroger Co., 635 F.Supp.56,

59 (S.D. Tex.1986), the plaintiff claimed sex discrimination under Title VII and retaliatory discharge for having claimed worker's compensation under state-law. The court declined to exercise supplemental jurisdiction over plaintiff's state-law claims because the "separate events can hardly be grouped as the common nucleus of operative facts." The court reasoned that the only connection between the claims was the fact that the same witnesses would have to testify as to the defendant's state of mind in discharging plaintiff, which is an insufficient nexus to support supplemental jurisdiction. Id.

In <u>Bates v. Tech Clean Industries, Inc.</u>, 2002 WL 32438759 (N.D. Tex. 2002), the court had original jurisdiction based on the plaintiff's FLSA claim. It declined to exercise supplemental jurisdiction to join state-law negligence claims for personal injury due to slip-and-fall and violations of the Texas Labor Code for employment termination. The only commonality between the claims was their relation to the plaintiff's employment with the defendants as a whole, so they did not form the same case or controversy. The facts that gave rise to the federal claim were separate and distinct from the facts that gave rise to the state-law claim. The court observed that the plaintiff's federal cause of action would exist even if she did not plead the facts underlying her state-law causes of action, and vice versa, because the causes of action were not dependent on the same set of facts. <u>Id</u>. at *3.

As evidenced from the decisions discussed above, the determination of whether it is appropriate to exercise supplemental jurisdiction demands a fact specific, case-by-case inquiry. In this case, the only nexus between Plaintiff's FLSA claim and her state-law claims

for invasion of privacy, conversion of personal property, intentional infliction of emotional distress and negligent infliction of emotional distress is the employer-employee relationship; this nexus is similar to that of Lyon, supra, which was held insufficient to exercise supplemental jurisdiction. Here, Plaintiff alleges that prior to the termination of her employment, Defendants Lawson and Hebert entered Plaintiff's office and removed most of its contents, including Plaintiff's personal, locked file cabinets. Defendants then refused to return Plaintiff's private client files, personal belongings and other items. Plaintiff's FLSA claim would exist even if she did not plead the facts that underlie her tort claims for invasion of privacy, conversion of personal property, intentional infliction of emotional distress and negligent infliction of emotional distress. Similarly, those state-law claims are not dependent upon the facts that underlie Plaintiff's FLSA claim.

On the other hand, Plaintiff's FLSA claim against the YWCA does share facts similar to those underlying Plaintiff's state-law claim against the YWCA for failure to pay wages due upon termination, and vice versa. The state-law claim appears to hinge on a determination that the FLSA required the payment of additional wages that were not timely paid. Evidence such as Plaintiff's time sheets, records, and testimony regarding hours she worked would be relevant to both claims. The connection between these claims is much greater than the fact that they both arise from the employee-employer relationship, so the exercise of supplemental jurisdiction over Plaintiff's state law wage claim is appropriate.

**Conclusion**

This court finds that there does not exist a common nucleus of operative facts between Plaintiff's FLSA claim and her state-law claims for invasion of privacy, conversion of personal property, intentional infliction of emotional distress and negligent infliction of emotional distress; these claims do not form part of the same case or controversy. However, there does exist a common nucleus of operative facts between Plaintiff's FLSA claim and her state-law claim for failure to pay wages due upon termination; these claims form part of the same case or controversy, and are properly before the court based on supplemental jurisdiction.

Accordingly, Plaintiff's **Motion to Remand (Doc.10)** is **granted in part and denied in part** as follows. Plaintiff's state-law claims for invasion of privacy, conversion of personal property, intentional infliction of emotional distress and negligent infliction of emotional distress will, subject to the stay set forth in the accompanying order, be remanded. Plaintiff's state-law claim for failure to pay wages due upon termination of employment shall remain in this court for disposition along with Plaintiff's FLSA claim.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 18th day of May, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE