UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DEBBIE WHATLEY | CIVIL ACTION NO. 06-423 |
| versus | JUDGE HICKS |
| YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF NORTHWEST LOUISIANA, INC., GLENDA LAWSON and BEN HEBERT | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

Before the court is a **Motion for Attorney Fees (Doc. 19)** filed by Debbie Whatley ("Plaintiff") following her partially successful motion to remand her state law claims. Plaintiff's demand is based on the provision in 28 U.S.C. § 1447(c) that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." For the reasons that follow, it is recommended that the motion be denied.

According to her amended petition, Debbie Whatley ("Plaintiff") was employed by the YWCA of Minden as an "Outreach Counselor." Doc. 2, ¶ 7. She also provided counseling and teaching services in a private practice. Doc. 2, ¶ 10. Plaintiff kept in her YWCA office some of her private client records, where she stored them in two locked file cabinets that she owned. Doc. 2, ¶ 11. When Plaintiff arrived to work one morning, her office had been cleared and her personal, private practice file cabinets had been removed by two co-workers, Glenda Lawson and Ben Hebert. Doc. 2, ¶ 12, 13. Although the petition is

not clear on this point, it appears that Plaintiff either resigned or was terminated that same day.

After Plaintiff's file cabinets were not returned to her, she filed suit in state court against Lawson, Hebert, and the YWCA ("Defendants") for invasion of privacy, conversion of personal property, intentional infliction of emotional distress and negligent infliction of emotional distress. Plaintiff also asserted claims against the YWCA (but not the individual defendants) for violations of the Federal Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter, "FLSA"). Plaintiff alleges that she was required to work hours for which she was never paid. She also alleges that she worked in excess of 40 hours in one workweek, for which she was not paid in accordance with the FLSA. Plaintiff also claims that the YWCA is liable to her under La. R.S. 23:631 for failure to timely pay her wages that were due upon termination of her employment.

Defendants removed the case based on federal question jurisdiction arising out of Plaintiff's FLSA claim. Plaintiff filed a Motion to Remand (Doc. 10) on the grounds that this court lacked subject matter jurisdiction over Plaintiff's state-law claims because they are not related to and do not form a part of the same case or controversy as Plaintiff's FLSA claim. Alternatively, Plaintiff urged that the court should exercise its discretion and remand Plaintiff's state-law claims because they predominate over the FLSA claim which provides the sole basis for the removal.

The court found no controlling Fifth Circuit decision, but it did find a line of Third Circuit decisions and some district court decisions from within the Fifth Circuit that suggested, in FLSA cases, that there was not supplemental jurisdiction over state law claims merely because the state law claims and the FLSA claims arose from an employer-employee relationship. Rather, the determination of whether it is appropriate to exercise supplemental jurisdiction demands a fact specific, case-by-case inquiry.

The undersigned engaged in the fact specific inquiry and ultimately determined that the court does have supplemental jurisdiction over Plaintiff's Louisiana statutory claim against the YWCA for failure to pay wages upon termination of employment, but that the court did not have supplemental jurisdiction over the state law tort claims against Lawson, Hebert and the YWCA for invasion of privacy, conversion of personal property, intentional infliction of emotional distress and negligent infliction of emotional distress. The court remanded, subject to a stay to permit any appeal to the district judge, the state law claims over which jurisdiction was found lacking. Defendants did not appeal. Whatley v. YWCA, 2006 WL 1453043 (W.D. La. 2006).

Plaintiff later filed her Motion for Attorney Fees and requested an award of $5,740 for the time her attorneys spent researching and litigating her partially successful motion to remand. Defendants oppose the motion on the grounds that it is untimely and, they argue, there was an objectively reasonable basis for Defendants to remove the action.

Plaintiff correctly points out that the governing standard is found in the recent decision in Martin v. Franklin Capital Corporation, 126 S.Ct. 704 (2005). The unanimous Court held that there is no presumption in favor of awarding fees following a remand, and the use of the term "may" in Section 1447(c) leaves the district court with discretion, with no heavy congressional thumb on either side of the scales. That discretion is to be guided by the standard that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." The Court added: "Conversely, when an objectively reasonable basis exists, fees should be denied." Martin, 126 S.Ct. at 711. The district court also retains discretion to consider whether unusual circumstances warrant a departure from that rule in a given case. Id.

Defendants were faced with a case filed in state court that squarely asserted a federal FLSA claim together with several state law claims that arose from the same employment setting, although some of the claims were based on facts not otherwise related to the FLSA claim. Section 1441(a) provides that a "civil action" brought in state court over which the federal court has original jurisdiction may be removed. There is authority to the effect that the entire civil action, and not merely some claims, must be removed. See Levert-St. John, Inc. v. Hartford Steam Boiler Inspection & Ins. Co., 2006 WL 1875494 (W. D. La. 2006) (Doherty, J.). And if the FLSA claim were considered sufficiently distinct from some of the state law claims to be a "separate and independent claim or cause of action" within the

meaning of Section 1441(c), that statute provides that if such a claim is joined with otherwise non-removable claims, "the entire case may be removed" and the district court may determine all issues or, in its discretion, remand all matters in which state law predominates. Thus, it appears that Defendant acted with objective reasonableness in removing the entire case based on the presence of the federal claim.

Defendants also had reasonable grounds to oppose Plaintiff's Motion to Remand. Plaintiff cited no controlling Fifth Circuit decisions issued in the context of a similar FLSA claim. It was only after the court discovered, through independent research, the Third Circuit line of authority and similar cases that it became persuaded that the correct result was to remand those state law claims that did not arise from the same facts that gave rise to the FLSA claim. The motion to remand was not a "slam dunk" and required a considerable amount of research and consideration by the court. Plaintiff ultimately prevailed, for the most part, but the best exercise of this court's discretion, guided by the principles stated in <u>Martin,</u> is to deny the request for fees. In light of this recommendation, the timeliness defense to the motion need not be addressed.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Attorney Fees (Doc. 19) be **denied.**

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 31st day of July, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE